Chas. C. Parks v. Commissioner.
Parks v. Commissioner
Docket No. 24688.
United States Tax Court
1952 Tax Ct. Memo LEXIS 133; 11 T.C.M. (CCH) 761; T.C.M. (RIA) 52228; July 16, 1952
*133 Held, the partnership agreement entered into by written instrument on February 2, 1945, between petitioner, his wife Maggie Sue Parks, Third National Bank of Nashville as trustee for Charles C. Parks, Jr., Third National Bank of Nashville as trustee for Dorothy Sue Parks, William A. Parks, and W. E. Harris was entered into by the parties with a bona fide intent to form a partnership and they, in good faith and acting with business purpose, intended to join together in the present conduct of the wholesale grocery business in which the partnership was to engage. The Commissioner is reversed in his action in taxing to petitioner in addition to his own share of the profits, the share of profits which under the partnership agreement belonged to Maggie Sue Parks, Third National Bank of Nashville as trustee for Charles C. Parks, Jr., and Third National Bank of Nashville as trustee for Dorothy Sue Parks. Cecil Sims, Esq., and W. W. Berry, Esq., for the petitioner. Homer F. Benson, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined deficiencies in petitioner's income tax as follows: Year
Deficiency
1944
$ 3,668.02
1945
13,964.82
*134 The following errors were assigned by the petitioner: (a) In computing the long-term capital gain realized by the petitioner in 1944 upon the liquidation on April 30, 1944 of Chas. C. Parks Company, Inc., the Commissioner erroneously held that the fair market value of net assets received in liquidation by the petitioner amounted to $37,444.77, whereas such value was only $26,570.58. (b) In computing the long-term capital gain realized by the petitioner in 1944 upon the liquidation on May 31, 1944 of A. D. Sloan Grocery Company, Inc., the Commissioner erroneously held that the fair market value of net assets received in liquidation by the petitioner amounted to $13,041.53, whereas such value was only $7,860.48. (c) In determining the taxable net income of the petitioner for the year 1945 the Commissioner erroneously included therein ordinary net income of the partnership, Charles C. Parks Company, for the fiscal year ended April 30, 1945, in the amount of $18,700.94 attributable to the interests owned by Maggie Sue Parks, Third National Bank, Trustee for Chas. C. Parks, Jr., Trust, and Third National Bank, Trustee for Dorothy Sue Parks Trust. At the hearing the parties introduced *135 a stipulation of facts in which they agreed on the values to be used in settlement of the issues raised by assignments of error (a) and (b). Therefore, these issues are no longer in the case and will be settled under Rule 50 in accord with the valuation figures which have been agreed upon. The issue of partnership income raised by assignment of error (c) was not agreed upon and that issue is still present and must be decided by us. In increasing petitioner's income by $18,718.21, "partnership income", the Commissioner explained his action in the deficiency notice as follows: "It is held that your wife, Maggie Sue Parks, and the trusts created for the benefit of Chas. C. Parks, Jr. and Dorothy Sue Parks were not partners in the said partnership within the meaning of the Internal Revenue Code. It is further held that your income from the said partnership was as follows: "[Here folows a description of the figures showing how the Commissioner reached the figure of $18,718.21 as an increase in petitioner's partnership income. These detailed figures are not needed here.]" Findings of Fact Petitioner resides in Gallatin, Tennessee. For the taxable years here involved he filed his *136 income tax returns with the Collector for the District of Tennessee at Nashville. The fair market value of the net assets received by petitioner in liquidation of Charles C. Parks Company, Inc., on April 30, 1944, amounted to $30,796.29. The fair market value of the net assets received in liquidation of A. D. Sloan Grocery Company, Inc., by petitioner on May 31, 1944, amounted to $9,837.55. Petitioner married Maggie Sue Parks on April 25, 1925, and they have two children, Dorothy Sue Parks who was born September 5, 1928, and Charles C. Parks, Jr., who was born October 20, 1934. Petitioner is engaged in the wholesale grocery business and has been since 1923 when he went to work for J. A. Sloan Company, Columbia, Tennessee. In April 1934, petitioner left J. A, Sloan Company and helped organize a corporation known as Charles C. Parks Company which continued in existence until April 30, 1944. In 1938, Charles C. Parks Company, the corporation, bought controlling stock of another corporation known as A. D. Sloan Grocery Company, Inc. On April 30, 1944, Charles C. Parks Company, Inc. was liquidated and its assets were transferred to a partnership known as Charles C. Parks Company, *137 which partnership was composed of petitioner, W. H. Hitchcock, John B. Swaney, George W. Pardue, W. E. Harris, and William A. Parks. On May 31, 1944, A. D. Sloan Grocery Company, Inc., was liquidated and its assets were transferred to the same partnership. After the liquidations of Charles C. Parks Company, Inc., and A. D. Sloan Grocery Company, Inc., and the transfer of the assets of these two corporations to the partnership of Charles C. Parks Company in the spring of 1944, the partners and the interest of each of Charles C. Parks Company were as follows: Per Cent of
Name of Partner
Interest
Charles C. Parks
23.5393
W. H. Hitchcock
19.5489
John B. Swaney
19.5489
George W. Pardue
19.5489
William A. Parks
7.3882
W. E. Harris
10.4258
Total
100
On August 31, 1944, petitioner entered into a written agreement with three of the partners, W. H. Hitchcock, John B. Swaney, and George W. Pardue, under the terms of which petitioner was given the right to purchase the interest of each of these three partners on February 1, 1945, for the price of $66,625 each, or a total such of $199,875. The agreement further provided that if petitioner did not complete the *138 purchase on February 1, 1945, he would have to pay each of the three other partners $10,000 each and that if said three partners did not sell to petitioner their interest, they would each pay petitioner the sum of $10,000. On December 28, 1944, by written trust indenture, petitioner created an irrevocable trust with the Third National Bank in Nashville as trustee for the benefit of his daughter Dorothy Sue Parks, and by another written trust indenture with the Third National Bank in Nashville as trustee petitioner created an irrevocable trust for the benefit of his son Charles C. Parks, Jr. Petitioner's capital contribution to each trust was the sum of $13,000 in cash. Each trust indenture, among other things, authorized the trustee to invest in partnerships and become a member of a partnership, general or limited, and "* * * to use any or all the funds of the trust for said purpose and to use the credit of the said trust and any and all of its properties, tangible and intangible for the purpose of acquiring shares or interests in partnerships * * * to borrow money on the credit of the trust * * *." Each trust indenture provided for the payment of certain monthly sums to the *139 beneficiary if the net earnings of the trust "are sufficient," for the termination of the trust when the beneficiary reached 30 years of age, and for the distribution of trust assets to the beneficiary at that time. Each trust provided that if the beneficiary should die before reaching 30 years of age, the trust would then terminate upon the death of the beneficiary and all trust assets be delivered to the beneficiary's executor or administrator. In neither of the trust indentures was petitioner given any power with respect to the management of the trust estates and neither contained any provision providing for payment of either income or corpus to petitioner. Neither income nor corpus was ever to come back to petitioner. On December 29, 1944, petitioner gave his wife the sum of $13,000 in cash which she deposited in her own individual checking account at the Third National Bank in Nashville. On January 24, 1945, petitioner executed for a nominal consideration an instrument transferring to his wife Maggie Sue Parks and the Third National Bank in Nashville, as trustee under each of the trusts for his two children, the right to each transferee to purchase the interest of one of *140 the three partners who had executed the agreement with petitioner dated August 31, 1944. The instrument dated January 24, 1945, provided that petitioner's wife and the Third National Bank in Nashville, as assignees of petitioner's right, title and interest under said contract dated August 31, 1944, in accepting this assignment assumed all of the liabilities, obligations, and responsibilities which petitioner had under said contract dated August 31, 1944. Pursuant to the assignment by petitioner on January 24, 1945 to his wife and the Third National Bank in Nashville as trustee under the two trusts of petitioner's interest in the contract dated August 31, 1944, petitioner's wife Maggie Sue Parks purchased the interest of John B. Swaney in the partnership on February 1, 1945, for the consideration of $66,625, the Third National Bank in Nashville as trustee for Dorothy Sue Parks purchased the interest of George W. Pardue in said partnership on February 1, 1945, for the consideration of $66,625, and the Third National Bank in Nashville as trustee for Charles C. Parks, Jr., purchased the interest of W. H. Hitchcock in said partnership on February 1, 1945, for the consideration of $66,625. *141 Maggie Sue Parks obtained the money to purchase the interest of John B. Swaney from the gift to her by petitioner of $13,000 on December 29, 1944, and by a loan of $54,000 from the Third National Bank in Nashville on January 31, 1945. The loan to her was unsecured except that the note was endorsed by petitioner. The proceeds of the loan were deposited in her individual checking account at the Third National Bank and Maggie Sue Parks wrote her own check payable to John B. Swaney for $66,625. The Third National Bank as trustee for each of the trusts for petitioner's two children obtained the money to purchase the interests of George W. Pardue and W. H. Hitchock in the partnership by the donation of $13,000 by petitioner to each trust on December 28, 1944, and by loans from the Third National Bank on January 31, 1945, to each trust in the amount of $54,000. Petitioner did not endorse or otherwise secure or guarantee loans to each of the trusts. The trustee for each trust gave its check as such trustee in the amount of $66,625 for the interest in the partnership acquired. A written partnership agreement dated February 2, 1945, was entered into and executed by petitioner, Maggie Sue *142 Parks, William A. Parks, W. E. Harris, the Third National Bank as trustee for Charles C. Parks Jr., and the Third National Bank as trustee for Dorothy Sue Parks to carry on said business as a partnership. It provided that the interest of each partner in the business was as follows: Per Cent of
Name of Partner
Interest
Charles C. Parks
23.5393
Mrs. Maggie Sue Parks
19.5489
Third National Bank, trustee
for Charles C. Parks, Jr.
19.5489
Third National Bank, trustee
for Dorothy Sue Parks
19.5489
William A. Parks
7.3882
W. E. Harris
10.4258
Total
100
Prior to February 1, 1945, petitioner was the managing partner of the business in question and he received compensation of $12,000 per year which was deducted from partnership income prior to the computation of profits distributable to the partners. The partnership agreement dated February 2, 1945, provided with respect to salaries of partners as follows: "(6) Charles C. Parks shall be the manager of the said partnership and for his services as such he shall be paid the sum of $1,000.00 per month; W. E. Harris shall be assistant manager and for his services he shall be paid the sum of $500.00 per month; *143 William Parks shall be salesman and as such he shall be paid the sum of $50.00 per month and in addition thereto, he shall be allowed and paid the same compensation or salary as other salesmen of the company on the road rendering the same service. Such salaries shall be considered an expense of the business and shall be deducted before arriving at the net amount of profit or loss to be allocated to the respective partners in the profit-and-loss-sharing ratios as set forth in paragraph 4." Profits were distributed by the partnership after February 2, 1945, to the partners and there was no rebate or refund to petitioner by his wife or by the Third National Bank as trustee under the two trusts of any of their share of the profits. Maggie Sue Parks and the trustee under the two trusts have used their share of the profits to pay income taxes and to make payments on their loans from the Third National Bank. On April 30, 1946, the business was incorporated and each partner, including Maggie Sue Parks and the Third National Bank as trustee under the two trusts received a proportionate amount of stock in the acquired corporation for their prior interest in the partnership, and each still *144 owns the stock so received. The nature of the business of Charles C. Parks Company, the partnership, was the operation of a wholesale grocery business, and its principal office was located at Gallatin, Tennessee. Capital was an important factor in the production of profits in this business due partly to the necessity of carrying a large inventory of merchandise and the necessity of carrying a large amount of accounts receivable. Petitioner's interest in the partnership was neither increased nor decreased when his wife and the trustee for the two trusts became partners in the business in February 1945. Petitioner, Maggie Sue Parks, the Third National Bank as trustee for Charles C. Parks, Jr., the Third National Bank as trustee for Dorothy Sue Parks, William A. Parks, and W. E. Harris on February 2, 1945, entered into the partnership agreement with bona fide intent and a business purpose to conduct the business of the partnership of Charles C. Parks Company as a general partnership. Each of the persons remained a partner in the business throughout the period from February 2, 1945 through April 30, 1945, the period here involved, with the interest of each in the business being the *145 following amounts, respectively: 23.5393 per cent, 19.5489 per cent, 19.5489 per cent, 19.5489 per cent, 7.3882 per cent, and 10.4258 per cent. The trust which petitioner created by making the Third National bank in Nashville, Tennessee, trustee for his daughter Dorothy Sue Parks and the trust which petitioner created by making the Third National Bank in Nashville, Tennessee, trustee for his son Charles C. Parks, Jr., were both bona fide trusts created for the benefit of the respective beneficiaries and the settlor, Charles C. Parks, did not have any substantial control over or interest in the corpus or income of either trust. Opinion BLACK, Judge: The only remaining issue in this proceeding is as to the validity of the general partnership which was created by the partnership agreement entered into by the parties on February 2, 1945. We have given the details of this partnership agreement in our Findings of Fact and it is not necessary to repeat them here. The Commissioner has not questioned the validity of the partnership agreement as between petitioner, W. E. Harris, and William A. Parks. He has determined, however, that petitioner's wife Maggie Sue Parks, the Third National *146 Bank as trustee for Dorothy Sue Parks, and the Third National Bank as trustee for Charles C. Parks, Jr., were not partners and he has taxed their portion of the profits of the partnership to petitioner. In view of the facts which have been proved by uncontradicted evidence and which we have embodied in our Findings of Fact, we think this action of the Commissioner was in error. The question of whether a family partnership is real for income tax purposes depends upon "whether the partners really and truly intended to join together for the purpose of carrying on the business and sharing in the profits and losses or both. And their intention in this respect is a question of fact." . In the Culbertson case the Court also said that the question of recognition of family partnerships depends upon whether "the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise." In our Findings of Fact in the instant case we made findings as follows: "Petitioner, Maggie Sue Parks, the Third National Bank as trustee for Charles C. Parks, Jr., the Third National Bank as trustee *147 for Dorothy Sue Parks, William A. Parks, and W. E. Harris on February 2, 1945, entered into the partnership agreement with bona fide intent and a business purpose to conduct the business of the partnership of Charles C. Parks Company as a general partnership. Each of the persons remain a partner in the business throughout the period from February 2, 1945 through April 30, 1945, the period here involved, with the interest of each in the business being the following amounts, respectively: 23.5393 per cent, 19.5489 per cent, 19.5489 per cent, 19.5489 per cent, 7.3882 per cent, and 10.4258 per cent." Under the Supreme Court's decision in , we think the foregoing findings dispose of the only issue we have to decide in this case in petitioner's favor. See also and , promulgated July 3, 1952. On this partnership issue the Commissioner is reversed. Decision will be entered under Rule 50.